UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MULLINS,

                      Plaintiff,      CIVIL CASE NO. 05-40118

v.

                                        HONORABLE PAUL V. GADOLA
ALLSTATE INSURANCE CO.,         U.S. DISTRICT COURT

                      Defendant.
_____/

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

      Before the Court are the parties' cross-motions for summary judgment. Also before the Court are Defendant's motion to strike Plaintiff's response to Defendant's summary judgment motion and Defendant's motion to strike Plaintiff's summary judgment motion. In order to achieve a just resolution of the issues before the Court, the Court will deny Defendant's motions to strike, and will consider the merits of Plaintiff's summary judgment motion. Furthermore, for the reasons below, the Court denies both motions for summary judgment. The Court, however, is troubled by the allegations of fraud expressed by Defendant, and so will schedule an evidentiary hearing for further determination of this matter.

      **I.**      **Background**

      Plaintiff Joseph Mullins was originally employed by Defendant Allstate Insurance Company pursuant to a "R3000 Exclusive Agent Employment Agreement," dated May 21, 1995. On December 1, 1996, Plaintiff converted his employment status to that of independent contractor pursuant to a "R3001 Exclusive Agency Agreement." This employment contract contained the following language:

> I. Authority
> . . .
> E. You will not, either directly or indirectly, solicit, sell, or service insurance of any kind for any other company, agent, or broker, without the prior approval of the Company. You may, however, write applications for insurance under an assigned risk, cooperative industry, or government established residual market plan or facility. . . .
> XX. General Provisions
> A. This Agreement may not be modified except by a written agreement between the Company and you which expressly states that it modifies this Agreement. No other written statements, representations, or agreements and no oral statements, representations, or agreements will be effective to modify this Agreement.

Exhibit A, Def. Mot. Sum. Judg., docket entry 14 (Apr. 3, 2006).

On November 5, 1998, and again on January 8, 1999, Plaintiff signed an employment contract with Progressive Michigan Insurance Company ("Progressive"). Plaintiff claims that he became licensed with Progressive in 1999 because he thought that he was going to be terminated by Defendant. Plaintiff admits that he sold insurance policies for Progressive while employed by Defendant.

On August 21, 2002, Plaintiff was arrested by police on an unrelated charge. During a search of Plaintiff's residence on August 27, 2002, insurance policies and applications for Progressive were discovered. Plaintiff was then interviewed by Defendant's Corporate Security office on October 11, 2002. At that time, Plaintiff admitted that he was licensed with Progressive in 1999 and had since been selling Progressive policies. Though this was contrary to the terms of Plaintiff's employment contract, Plaintiff alleges that Defendant knew that Plaintiff was selling Progressive's insurance, and that Defendant permitted Plaintiff to act in this manner. On December 3, 2002, Defendant terminated Plaintiff's employment.

In March 2005, Plaintiff filed suit against Defendant in Wayne County Circuit Court, alleging a breach of the employment contract on the part of Defendant. Defendant removed the case to this Court pursuant to federal diversity jurisdiction. Defendant then filed a counter-complaint against Plaintiff, alleging a breach of contract on the part of Plaintiff.

Defendant filed its motion for summary judgment on April 3, 2006, which was the dispositive motion deadline. Plaintiff submitted his response, and Defendant filed a reply. Defendant also filed a motion to strike Plaintiff's response as untimely.

On August 9, 2006, well after the dispositive motion deadline, Plaintiff filed his own summary judgment motion, alleging that he had only just discovered some important evidence that was material to the disposition of this case. In particular, Plaintiff alleged that newly-discovered documents and letters demonstrated that Defendant had known and approved of Plaintiff's insurance work for Defendant's competitor Progressive, and thus, Plaintiff was entitled to summary judgment.

Defendant filed a motion to strike Plaintiff's summary judgment motion as untimely. Defendant also submitted a response on October 3, 2006, claiming that the newly-discovered evidence was fraudulent.

Having reviewed Defendant's motions to strike and in order to reach an efficient and just resolution of the matters in this case, the Court will deny Defendant's two motions to strike, and will consider the merits of the parties' summary judgment motions.

**II.    Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts

to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**III. Analysis**

It is undisputed that the contract governing Plaintiff's employment with Defendant is the "R3100 Exclusive Agency Agreement." The employment contract language states: "E. You will not, either directly or indirectly, solicit, sell, or service insurance of any kind for any other company, agent, or broker, without the prior approval of the Company." Exhibit A, Def. Mot. Sum. Judg., docket entry 14 (Apr. 3, 2006). Both parties agree that this contract language prohibits Plaintiff

from working for another insurance company while he is under contract with Defendant without Defendant's permission. A contract provision requiring exclusive representation, like the one in this case, is not prohibited by Michigan insurance laws. *See Nationwide Mut. Ins. Co. v. Commissioner of Ins.*, 341 N.W.2d 841, 845 (Mich. Ct. App. 1983) ("Exclusive representation is clearly not prohibited by, or contrary to the spirit of, the Insurance Code as amended.").

The parties do not dispute the fact that Plaintiff became licensed with Progressive in 1999, and that he conducted business for Progressive while employed by Defendant. Thus, Defendant claims that there is no question that Plaintiff breached his employment contract. Plaintiff argues, however, that Defendant waived this provision prohibiting Plaintiff from working for another insurance company. Plaintiff claims that when applicants came to him for insurance who were not "eligible" under Defendant's standards, instead of turning them away, Plaintiff sold them insurance from other companies. Plaintiff alleges that his supervisors with Defendant Allstate knew of this arrangement and permitted Plaintiff to continue without voicing any objection, notwithstanding the employment contract provision to the contrary. Thus, Plaintiff argues that the doctrines of waiver and estoppel prevent Defendant from prevailing on its summary judgment motion.

In support of his position, Plaintiff provides affidavits from himself and two other colleagues testifying to the fact that Plaintiff's Allstate supervisors knew and approved of Plaintiff's arrangement of doing insurance work for Progressive while employed by Defendant. More importantly, in Plaintiff's motion for summary judgment, Plaintiff provides newly-discovered documentary evidence which further supports his position. The documentation consists of certain letters and employee performance sheets demonstrating that Defendant knew and approved of

Plaintiff's work arrangement with Progressive. When taking these facts in the light most favorable to the non-moving Plaintiff, Defendant cannot prevail on summary judgment. The documentary evidence brought forward by Plaintiff tends to demonstrate that Defendant knew and approved of Plaintiff's work for Progressive during the time that he was also employed for Defendant, notwithstanding the employment contract provision to the contrary. Thus, at this point, based on the submissions before the Court, the Court is unable to find that Plaintiff breached his employment contract and that Defendant is entitled to summary judgment as a matter of law.

Based on this newly-discovered documentary evidence, Plaintiff, in turn, argues that summary judgment in appropriate in his favor. Defendant, however, contests the authenticity of Plaintiff's documentary evidence. In its response to Plaintiff's motion for summary judgment, Defendant argues that Plaintiff's documentary evidence is fraudulent. Defendant alleges that because Plaintiff was facing dismissal of his case, Plaintiff altered documents and fabricated evidence in order to perpetrate a fraud upon this Court. Defendant alleges that it has never seen some of the documents and that other documents have altered dates or added language. Thus, when considering the facts in the light most favorable to the non-moving Defendant, the documentary evidence supporting Plaintiff's position is not authentic and cannot be relied upon. Consequently, Plaintiff is not entitled to summary judgment.

At the moment, the Court cannot grant summary judgment in favor of either side, as there is a genuine issue of material fact as to whether Defendant knew and approved of Plaintiff's work with Progressive while employed by Defendant. This issue of material fact is created by the documentary evidence produced by Plaintiff. Without further evidence, the Court currently cannot

make a determination of the authenticity of these documents.

The allegations of a possible perpetration of fraud upon Defendant and upon this Court are allegations that the Court takes seriously. Accordingly, the Court will order the parties to appear at a hearing on Friday, May 4, 2007, at 2:00 p.m. At this hearing, the parties should be expected to advise the Court of any developments in this matter since the parties' briefs were submitted in October 2006. In addition, the parties should be prepared to present evidence concerning the authenticity of Plaintiff's newly-discovered documents and concerning the allegations of possible fraud. The Court notes that should it find that the newly-discovered documents are indeed fraudulent, summary judgment in favor of Defendant may be warranted. In addition, sanctions against Plaintiff, including costs and attorney fees, may be appropriate under the circumstances.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motions to strike [docket entries 18, 24] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry 14] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry 19] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are ordered to appear before this Court for an evidentiary hearing on Friday, May 4, 2007, at 2:00 p.m. At that hearing, the parties are expected to advise the Court of any developments in this case since October 2006 and to present evidence concerning the authenticity of Plaintiff's documents and the allegations of fraud.

**SO ORDERED.**


Dated:   March 30, 2007                          s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   March 30, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
          Harold D. Pope, III; James R. Shaw                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                      .

                                                 s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (810) 341-7845

9