UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MULLINS,

          Plaintiff,  CIVIL CASE NO. 05-40118

v.

                 HONORABLE PAUL V. GADOLA
ALLSTATE INSURANCE CO.,      U.S. DISTRICT COURT

          Defendant.
_____/

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AND ORDERING PLAINTIFF TO SHOW CAUSE

In this case, the parties have filed cross-motions for summary judgment. On March 30, 2007, this Court issued an order denying the cross-motions for summary judgment and stating the following:

> The allegations of a possible perpetration of fraud upon Defendant and upon this Court are allegations that the Court takes seriously. Accordingly, the Court will order the parties to appear at a hearing on Friday, May 4, 2007, at 2:00 p.m. At this hearing, the parties should be expected to advise the Court of any developments in this matter since the parties' briefs were submitted in October 2006. In addition, the parties should be prepared to present evidence concerning the authenticity of Plaintiff's newly-discovered documents and concerning the allegations of possible fraud. The Court notes that should it find that the newly-discovered documents are indeed fraudulent, summary judgment in favor of Defendant may be warranted. In addition, sanctions against Plaintiff, including costs and attorney fees, may be appropriate under the circumstances.

Order Denying Motions for Summary Judgment, pp. 7-8 (Mar. 30, 2007).

The evidentiary hearing ordered by the Court began on May 4, 2007, was continued to July 11, 2007, and was completed on July 20, 2007. At these hearings, counsel for both sides presented evidence on the issue of the authenticity of three documents that had been presented by Plaintiff to

the Court as exhibits in support of Plaintiff's motion for summary judgment.

Upon the conclusion of the proofs at the July 20, 2007 hearing, the Court ruled that there was no question that Plaintiff's three documents were fraudulent and that summary judgment in favor of Defendant was appropriate under the circumstances. Defendant's expert witness, Robert Kullman, provided unrefuted testimony that Plaintiff's three documents were forged. More importantly, the Court finds that any reasonable person, even absent any special expertise in document authenticity, would determine that Plaintiff's documents are fraudulent after considering them alongside the authentic documents presented by Defendant. These three documents were the only written agreements which purported to modify the employment contract between Plaintiff and Defendant, an argument essential to Plaintiff's motion for summary judgment. Plaintiff himself concedes that he was selling insurance for companies other than Defendant Allstate Insurance. Since there are no written agreements which expressly modified the terms of Plaintiff's employment contract, Plaintiff breached his employment contract. Accordingly, there is no genuine issue of material fact, and as a matter of law, Defendant is entitled to summary judgment in its favor on Plaintiff's claims and on Defendant's cross-claim for breach of contract. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

The Court also finds that Plaintiff and his attorney are in violation of Federal Rule of Civil Procedure 11. Federal Rule of Civil Procedure 11 states that by "presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information,

and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). When Defendant first reviewed the newly-discovered documents presented by Plaintiff and determined that they were possibly fraudulent, Defendant contacted Plaintiff's counsel with its concerns in August and September 2006. Thus, Plaintiff was aware of the possible fraud, and yet did not do anything to remedy the situation or to confirm the documents' authenticity. Instead, Plaintiff continued to pursue his claims through the three hearings held on May 4, July 11, and July 20, 2007, even in the face of overwhelming and uncontroverted evidence that the three documents were fraudulent. Submitting a fraudulent document to the Court undoubtedly violates Rule 11 of the Federal Rules of Civil Procedure. In addition, counsel for Plaintiff failed to make an inquiry reasonable under the circumstances in an attempt to certify that the documents were authentic, which is a violation of Rule 11.

Dismissal of a lawsuit may be appropriate in certain instances of violations of Rule 11.

> The dismissal of [plaintiff]'s suit was based on the district court's finding that manufactured evidence and perjured testimony had been introduced in an attempt to enhance the case through fraudulent conduct. When a litigant's conduct abuses the judicial process, the Supreme Court has recognized dismissal of a lawsuit to be a remedy within the inherent power of the court. *Chambers v. NASCO, Inc.*, 111 S. Ct. 2123, 2133 (1991).

*Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992). Here, the patently fraudulent documents were introduced in an attempt to enhance Plaintiff's case. Though the documents were clearly fraudulent, even to a non-expert after a reasonable inquiry, Plaintiff and Plaintiff's counsel abused the judicial process by continuing to pursue this case even after Defendant's repeated notice of the fraud. Accordingly, dismissal of Plaintiff's suit is warranted for violations of Rule 11. *Id.*

Imposition of sanctions on Plaintiff and Plaintiff's counsel for their violations of Rule 11 may be appropriate if the conduct was unreasonable under the circumstances. *See* Fed. R. Civ. P. 11(c); *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997); *Jimenez v. Madison Area Tech. College*, 321 F.3d 652, 655-56 (7th Cir. 2003). Here, the Court finds that Plaintiff and Plaintiff's counsel acted unreasonably and in violation of Rule 11 by submitting fraudulent documents without conducting a reasonable inquiry in order to determine their authenticity. Furthermore, in the face of overwhelming evidence that the documents were fraudulent, neither Plaintiff nor Plaintiff's counsel took any action to remedy the situation but continued to pursue the case from August 2006 through to July 2007.

At the July 20, 2007 hearing, Defendant reiterated its request for Rule 11 sanctions against Plaintiff in the form of attorney fees, witness fees, and costs. In addition, due to the serious nature of fraud perpetrated upon the Court, a monetary penalty imposed on both Plaintiff and Plaintiff's counsel may be warranted. Consequently, the Court will order Plaintiff to show cause within fourteen (14) days as to why sanctions in the form of Defendant's fees and costs and a fine should not be issued.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is [docket entry #14] is **GRANTED**. Summary judgment on Plaintiff's claims is **DENIED**, and Plaintiff's complaint, in its entirety, is **DISMISSED WITH PREJUDICE**. Summary judgment on Defendant's counter-claim for breach of contract is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff will show cause within **fourteen (14) days** of from the issuance of this order as to why sanctions in the form of Defendant's fees and costs and a

fine payable to the Court should not be issued. Within fourteen (14) days of the filing of Plaintiff's brief, Defendant may file a response.

**SO ORDERED.**

Dated:   July 25, 2007                                   s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 25, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
          Harold D. Pope, III; James R. Shaw                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                        .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845