UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MULLINS,

                               Plaintiff,      CIVIL CASE NO. 05-40118

v.

                                                  HONORABLE PAUL V. GADOLA
ALLSTATE INSURANCE CO.,                 U.S. DISTRICT COURT

                               Defendant.
_____/

## **ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**

This Court conducted a series of evidentiary hearings after Defendant alleged that Plaintiff had presented three fraudulent documents to this Court in support of Plaintiff's claims. On July 20, 2007, the Court concluded its evidentiary hearings and found that the pertinent documents were indeed fraudulent. In a July 25, 2007 order following the evidentiary hearings, the Court reiterated its finding that the three documents were fraudulent and that summary judgment in favor of Defendant was appropriate. The Court also found that Plaintiff and his attorney had acted unreasonably and in violation of Federal Rule of Civil Procedure 11. In particular, this Court stated that Plaintiff and Plaintiff's counsel violated Rule 11 by presenting fraudulent documents to the Court, by failing to make a reasonable inquiry into the authenticity of the documents, and by failing to withdraw the documents in the face of overwhelming evidence of the forgery. The Court stated that dismissal of Plaintiff's case was warranted due to these violations of Rule 11. Order Granting Sum. Judg., docket entry #31 (July 20, 2007) (citing *Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992) ("When a litigant's conduct abuses the judicial process, the Supreme Court has recognized dismissal of a lawsuit to be a remedy within the inherent power of the court.")). The

Court also stated that sanctions in the form of attorney fees, witness fees, and costs payable to Defendant may be appropriate. The Court further stated, "In addition, due to the serious nature of fraud perpetrated upon the Court, a monetary penalty imposed on both Plaintiff and Plaintiff's counsel may be warranted." Order Granting Sum. Judg., docket entry #31 (July 20, 2007). This Court then ordered Plaintiff to show cause within fourteen days as to why these sanctions should not be imposed. Accordingly, Plaintiff's response was due on approximately August 13, 2007.

On August 6, 2007, Plaintiff filed a motion requesting a three-week extension of time for filing a response. In the motion, Plaintiff alleged that he had just received the transcripts from the three evidentiary hearings on August 3, 2007, and that he required additional time in order to file a proper response. The Court granted Plaintiff's motion for an extension of time and ordered that Plaintiff file a response to the order to show cause by August 29, 2007.

On August 23, 2007, Plaintiff filed a notice of appeal, appealing the July 25, 2007 order granting summary judgment in favor of Defendant. To this day, Plaintiff has not yet responded to the Court's order to show cause. Plaintiff's notice of appeal did not remove this Court's jurisdiction to consider Rule 11 sanctions. "Our circuit has held that a district court retains jurisdiction to entertain a motion for Rule 11 sanctions even after the filing of a notice of appeal." *Val-Land Farms, Inc. v. Third Nat'l Bank*, 937 F.2d 1110 (6th Cir. 1991) (citing *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir. 1988)).

After having considered the circumstances of the instant case, the Court finds that Plaintiff and Plaintiff's counsel acted unreasonably and in violation of Rule 11 by submitting fraudulent documents without conducting a reasonable inquiry in order to determine their authenticity. Furthermore, in the face of overwhelming evidence that the documents were fraudulent, neither

2

Plaintiff nor Plaintiff's counsel took any action to remedy the situation but instead continued to pursue the case from August 2006 through July 2007.  The Court finds that there are insufficient reasons to justify the actions of Plaintiff or Plaintiff's counsel.  Perpetrating a fraud on the Court in the manner conducted by Plaintiff and Plaintiff's counsel is inexcusable.

"A sanction under Rule 11 may include reasonable attorney fees. The principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal." *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414 (6th Cir. 1992).  In this case, the Court finds that appropriate sanctions accomplishing the goals of Rule 11 include at least the payment of Defendant's attorney fees, witness fees, and costs for pursuing this action after Defendant notified Plaintiff and Plaintiff's counsel of the documents' fraudulent nature.  Upon receiving Defendant's bill of costs, the Court may also find that an additional monetary penalty payable to the Court is necessary "to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant must **SUBMIT** a bill of costs detailing their costs, expenses, and reasonable fees incurred as a result of the conduct of Plaintiff and Plaintiff's counsel so that an appropriate sanction may be imposed.  Defendant must submit the bill of costs within **THIRTY (30) DAYS** of the filing of this order.  Plaintiff may file challenges to the bill of costs within **FIFTEEN (15) DAYS** of the filing of bill.

**SO ORDERED.**

Dated:   October 18, 2007              s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  October 18, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Harold D. Pope, III; James R. Shaw                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                              .

                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845