UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MULLINS,

                                              Plaintiff,        CIVIL CASE NO. 05-40118

v.

                                                                       HONORABLE PAUL V. GADOLA
ALLSTATE INSURANCE CO.,                     U.S. DISTRICT COURT

                                              Defendant.
_____/

## ORDER DETERMINING AMOUNT OF SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

Before the court is Defendant's verified bill of costs, filed by Defendant pursuant to the Court's October 18, 2007 order imposing sanctions against Plaintiff and Plaintiff's counsel.

**I.    Background**

To briefly summarize the background of this case, on August 9, 2006, Plaintiff first presented three documents as exhibits to Plaintiff's motion for summary judgment, which Defendant believed were forgeries. Defendant brought the allegedly fraudulent nature of the documents to the attention of Plaintiff and Plaintiff's counsel but Plaintiff and Plaintiff's counsel refused to withdraw the documents.

Concerned about the allegations of fraud, the Court conducted a series of evidentiary hearings. At the conclusion of the hearings, the Court determined that the three documents presented by Plaintiff were indeed fraudulent. In a July 25, 2007 order following the evidentiary hearings, the Court reiterated its finding that the three documents were fraudulent and ruled that

Plaintiff and Plaintiff's counsel acted in violation of Federal Rule of Civil Procedure 11 by presenting fraudulent documents to the Court, by failing to make a reasonable inquiry into the authenticity of the documents, and by failing to withdraw the documents in the face of overwhelming evidence of the forgery. The Court also stated that sanctions in the form of attorney fees, witness fees, and costs payable to Defendant may be appropriate. This Court then ordered Plaintiff to show cause within fourteen days as to why these sanctions should not be imposed. Although more than eight months have passed, to this day, Plaintiff has never filed a response to the order to show cause.

After Plaintiff initially failed to respond to the order to show cause, the Court issued an order on October 18, 2007, imposing sanctions. The Order stated the following:

> After having considered the circumstances of the instant case, the Court finds that Plaintiff and Plaintiff's counsel acted unreasonably and in violation of Rule 11 by submitting fraudulent documents without conducting a reasonable inquiry in order to determine their authenticity. Furthermore, in the face of overwhelming evidence that the documents were fraudulent, neither Plaintiff nor Plaintiff's counsel took any action to remedy the situation but instead continued to pursue the case from August 2006 through July 2007. The Court finds that there are insufficient reasons to justify the actions of Plaintiff or Plaintiff's counsel. Perpetrating a fraud on the Court in the manner conducted by Plaintiff and Plaintiff's counsel is inexcusable.
>
> "A sanction under Rule 11 may include reasonable attorney fees. The principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal." *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414 (6th Cir. 1992). In this case, the Court finds that appropriate sanctions accomplishing the goals of Rule 11 include at least the payment of Defendant's attorney fees, witness fees, and costs for pursuing this action after Defendant notified Plaintiff and Plaintiff's counsel of the documents' fraudulent nature.

Order Imposing Sanctions, docket entry #38 (Oct. 18, 2007). The Court ordered Defendant to submit a bill of costs detailing the costs, expenses, and fees incurred by Defendant as a result of the

2

conduct of Plaintiff and Plaintiff's counsel. The Court also stated that Plaintiff may file challenges to Defendant's bill of costs within fifteen days of the filing of the bill of costs.

On November 16, 2007, Defendant submitted a bill of costs as ordered by the Court stating that it had incurred $74,798.00 in attorney fees and $7,280.63 in costs. Defendant explained that these fees and costs included those incurred by drafting responses and other documents to be filed with the Court, using a handwriting expert to confirm the fraudulent nature of Plaintiff's documents, and attending three days of evidentiary hearings. Plaintiff failed to file a challenge to the bill of costs.

**II.     Legal Standard**

The Court has the authority to exact monetary sanctions for the egregious conduct of a party. A sanction imposed on a party pursuant to Federal Rule of Civil Procedure 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). A sanction may include "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* Title 28 of the United States Code, section 1927 further states that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *see also Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997) (awarding attorney fees as a sanction for unreasonable and vexatious multiplication of proceedings). Finally, the Court also notes that it has the inherent authority to impose sanctions in the form of attorney fees for bad faith conduct in litigation. *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) ("A court

has inherent authority to award attorney fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." (quotations omitted)).

**III.     Analysis**

Here, Plaintiff and Plaintiff's counsel submitted forged documents to the Court and failed to make a reasonable inquiry into the authenticity of the documents. By Plaintiff and Plaintiff's counsel's failure to withdraw the documents in the face of overwhelming evidence of their fraudulent nature, Plaintiff and Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings in this case. The Court finds that the egregious conduct of Plaintiff and Plaintiff's counsel in the current case merits the imposition of a monetary sanction in the form of attorney fees.

Defendant's counsel has submitted a bill of costs for $74,798.00 in attorney fees and $7,280.63 in costs, or $82,078.63 in total. Plaintiff failed to challenge the bill of costs, although Plaintiff was given an opportunity to do so by the Court. Though Plaintiff has not challenged the bill of costs of Defendant's counsel, the Court has made an independent review of the bill of costs and concludes that the full amount of the bill of costs for $82,078.63 is greater than the amount necessary "to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). The Court is mindful, however, of the outrageous conduct exhibited by Plaintiff and Plaintiff's counsel and the large costs incurred by Defendant in drafting documents, hiring a handwriting expert, and attending three days of evidentiary hearings. After a careful consideration of all the circumstances of the case, the Court finds that a sanction in the amount of $50,000.00 imposed upon Plaintiff and Plaintiff's counsel, to be paid to Defendant's counsel as attorney fees and costs, is appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff and Plaintiff's counsel is required to pay $50,000.00 in attorney fees and costs to Defendant.

**SO ORDERED.**

Dated:  April 29, 2008                                             s/Paul V. Gadola
                                                                                  HONORABLE PAUL V. GADOLA
                                                                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 29, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
               Harold D. Pope, III; James R. Shaw                     , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                            .

                                                                                  s/Ruth A. Brissaud
                                                                                  Ruth A. Brissaud, Case Manager
                                                                                  (810) 341-7845

---